IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J. AUSTIN RUSSELL,<br><br>       Plaintiff,<br><br>v.<br><br>SCOTTI A. HILL; EMILY A. LEE; SHARADEE FLEMING; and THE OFFICE OF PROFESSIONAL CONDUCT,<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00614-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are Defendants' Motion to Dismiss[1] and Plaintiff's Motion for Leave to File Amended Complaint (Motion to Amend).[2]  For the reasons explained below, the court GRANTS the Motion to Dismiss and DENIES the Motion to Amend.

### BACKGROUND[3]

Plaintiff J. Austin Russell has been licensed to practice law in California since 2018.[4] Austin's father, Steven C. Russell, has been licensed to practice law in Utah since May 1994.[5] In December 2020, Austin relocated from California to Utah and soon after began assisting with his father's cases.[6]  On February 12, 2022, one of Steven's former clients filed a complaint

---

[1] Dkt. 18, *Motion to Dismiss*.

[2] Dkt. 23, *Plaintiff's Motion, and Memorandum in Support Ther[e]of, for Leave to File Amended Complaint* (*Motion to Amend*).

[3] Because this case is before the court on a motion to dismiss, the court accepts as true all well-pleaded factual allegations in the Amended Complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[4] *Complaint* ¶ 1.  Plaintiff and his father, Steven C. Russell, share a last name.  *Id.* ¶ 2.  Because many of the Complaint's allegations involve both individuals, the court refers to Plaintiff as "Austin" and his father as "Steven."

[5] *Id.* ¶ 2.

[6] *Id.* ¶ 3–4.

1

against Steven with the Utah State Bar.[7] The Utah Office of Professional Conduct (OPC) assigned Defendant Emily A. Lee to investigate the complaint.[8] While Lee eventually concluded the complaint did not merit any further action, during the investigation she became aware Austin had assisted Steven with some legal work.[9] Concerned that Austin had engaged in the unauthorized practice of law and that Steven was unlawfully assisting him with the same, Lee sent Steven a letter inquiring into their working relationship.[10] That letter resulted in a few rounds of correspondence between Lee and Steven, which concluded on November 16, 2022.[11]

On February 23, 2023, Lee sent another letter to Steven in which she stated the OPC had determined Austin had engaged in the unauthorized practice of law.[12] On July 7, 2023, Defendant Scotti A. Hill, Assistant Disciplinary Counsel to the OPC, and Defendant Sharadee Fleming, Deputy Chief Disciplinary Counsel for the OPC, filed a summary of the OPC's investigation with the Utah Supreme Court's Ethics and Discipline Committee (Ethics Committee).[13] The summary charged Austin with the unauthorized practice of law and Steven with unlawfully assisting Austin with the same.[14] On August 2, 2023, Austin filed with the Ethics Committee a Request to Intervene and Motion to Dismiss in Steven's case.[15] Hill filed an opposition two days later.[16] On August 7, 2023, the Ethics Committee denied Austin's Request

---

[7] *Id.* ¶ 5.
[8] *Id.*
[9] *Id.* ¶ 6.
[10] *Id.* ¶ 7.
[11] *Id.* ¶¶ 8–10.
[12] *Id.* ¶ 12.
[13] *Id.* ¶ 13.
[14] *Id.*
[15] *Id.* ¶ 15.
[16] *Id.* ¶ 16.

to Intervene and Motion to Dismiss.[17] The same day, Steven filed a brief with the Ethics Committee arguing the Utah Rules of Professional Conduct authorized Austin to assist Steven with his legal work.[18] On August 10, 2023, an Ethics Committee Screening Panel held a hearing.[19] About a month later, the Screening Panel found Steven had assisted Austin in the unauthorized practice of law and recommended Steven be privately admonished.[20] Austin alleges Defendants Lee, Hill, and Fleming never contacted Austin, opened an investigation into him, or filed a complaint against him during the nineteen-month investigation into Steven's conduct.[21]

While the above events transpired, on February 1, 2023, Austin registered for the Utah bar exam scheduled to take place in July 2023.[22] He sat for the bar exam on July 25 and 26, 2023.[23] On September 14, 2023, Lee informed Austin that he had passed the exam but approval of his bar application "had been revoked" pending an OPC investigation opened a week earlier.[24] Austin received a letter from Hill on September 26, 2023, "informing him that the OPC had initiated a complaint against him and that a copy of said complaint was attached to the letter."[25] But "no such complaint was attached."[26] Hill and Austin engaged in several additional rounds of

---

[17] *Id.* ¶ 17.
[18] *Id.* ¶ 18.
[19] *Id.* ¶ 19.
[20] *Id.* ¶ 20.
[21] *Id.* ¶ 21.
[22] *Id.* ¶ 11.
[23] *Id.* ¶ 14.
[24] *Id.* ¶ 22.
[25] *Id.* ¶ 24.
[26] *Id.* (citation modified).

communication disputing whether Austin had received a copy of the complaint against him.[27] On January 18, 2024, Hill and Fleming recommended to the Ethics Committee that Austin be disciplined for knowingly engaging in the unauthorized practice of law.[28]

On January 23, 2024, the Ethics Committee reversed the Screening Panel's recommendation against Steven and dismissed the complaint against him.[29] The OPC withdrew its complaint against Austin a week later.[30] On January 30, 2024, "Hill sent Austin a letter informing him that she disagreed with the Ethic[]s Committee's findings" and "accus[ed] him of violating both the law and rules of professional conduct by engaging in the unauthorized practice of law."[31] The Utah State Board of Bar Commissioners reinstated Austin's bar application on February 29, 2024 and admitted him to the Utah State Bar on May 20, 2024.[32] According to Austin, his admission occurred "a full six months after he would have otherwise been admitted absent the OPC's action against him."[33]

Austin brought this action on July 28, 2025.[34] He asserts four causes of action: (1) denial of procedural due process under the U.S. Constitution, (2) abuse of process, (3) defamation, and (4) intentional infliction of emotional distress.[35] Austin also seeks compensatory and punitive damages, fees and costs, and a declaratory judgment that Defendants violated his constitutional

---

[27] *Id.* ¶¶ 25–29. In Reply, Defendants argue this dispute hinges on a "misunderstanding" between the parties. Dkt. 22, *Reply in Support of Motion to Dismiss* (*Reply*) at 2. Defendants argue the original complaint filed by Steven's former client constituted the complaint against Austin. *Id.* at 2–3. Regardless, for the purpose of adjudicating the Motion to Dismiss, the court assumes Defendants failed to provide Austin with a copy of the complaint against him.

[28] *Complaint* ¶ 30.

[29] *Id.* ¶ 31.

[30] *Id.* ¶ 33.

[31] *Id.* ¶ 34.

[32] *Id.* ¶¶ 35–36.

[33] *Id.* ¶ 36.

[34] *Id.* at 11.

[35] *Id.* at 7–10.

4

rights and engaged in abuse of process.[36]  On September 22, 2025, Defendants moved to dismiss the Complaint.[37]  The Motion to Dismiss is fully briefed and ripe for review.[38]  On November 10, 2025, Austin moved to amend the Complaint to add a claim for malicious prosecution.[39]

## LEGAL STANDARD[40]

Defendants style their defenses as arising under Rule 12(b)(6).[41]  But Defendants contest standing, which implicates the court's subject matter jurisdiction.[42]  Accordingly, a standing challenge is properly brought under Rule 12(b)(1).[43]

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a claim for "lack of subject-matter jurisdiction."[44]  Such motions take two forms: facial attacks and factual attacks.[45]  "A facial attack assumes the allegations in the complaint are true and argues they fail to establish jurisdiction."[46]  "A factual attack goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's

---

[36] *Id.* at 10–11.

[37] *See Motion to Dismiss*.

[38] *See* Dkt. 19, *Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss* (*Opposition*); Dkt. 22, *Reply*.

[39] *Motion to Amend*.

[40] While the court generally must liberally construe pro se litigants' filings, it need not do so where the litigant is a licensed attorney, as here.  *See Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).

[41] *See Motion to Dismiss* at 1.

[42] *See, e.g.*, *Bennett v. Spear*, 520 U.S. 154, 162 (1997).

[43] *See Citizens for Responsible Gov't State Pol. Action Comm. v. Davidson*, 236 F.3d 1174, 1188–89 (10th Cir. 2000).

[44] Fed. R. Civ. P. 12(b)(1).

[45] *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).

[46] *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citation omitted).

jurisdiction."[47]  The court construes the Motion to Dismiss as a facial attack as it does not adduce evidence outside the Complaint.[48]

## ANALYSIS

Defendants raise three arguments why the court should dismiss the Complaint: (1) Defendants are entitled to judicial immunity, (2) the Complaint fails to state a claim for relief, and (3) Austin lacks standing.[49]  Because standing is jurisdictional, the court must address it first.[50]  And because the court concludes Austin has failed to establish standing to pursue his federal claim, the court does not reach Defendants' remaining arguments.

### I.   Austin Has Failed to Establish He Has Standing to Pursue His Federal Due Process Claim.

A "fundamental principle" of subject matter jurisdiction is the Constitution only permits federal courts to adjudicate "actual cases or controversies."[51]  "To establish a case or controversy, a plaintiff must possess standing to sue,"[52] which is demonstrated by three elements: (1) "injury in fact," (2) causation, and (3) redressability.[53]  "The party invoking federal jurisdiction bears the burden of establishing these elements,"[54] and he must do so "for each claim

---

[47] *Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010) (citation omitted).

[48] While Defendants' Reply references exhibits outside the Complaint, *see Reply*, the court does not rely on them to adjudicate the Motion to Dismiss.

[49] *Motion to Dismiss* at 6–16.

[50] *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021).  Whether a defendant is entitled to judicial immunity is not jurisdictional.  *See, e.g.*, *Moss v. Kopp*, 559 F.3d 1155, 1161, 1163–67, 1170 (10th Cir. 2009) (reviewing judicial immunity defense under Rule 12(b)(6) standard).  Accordingly, the court must begin by considering the threshold standing question.

[51] *See Shields Law Grp., LLC v. Stueve Siegel Hanson LLP*, 95 F.4th 1251, 1279 (10th Cir. 2024) (citation omitted).

[52] *S. Furniture Leasing, Inc. v. YRC, Inc.*, 989 F.3d 1141, 1145 (10th Cir. 2021) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016)).

[53] *See Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 813–14 (10th Cir. 2021).

[54] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).

he seeks to press."[55]  The court only considers the bases for standing offered by Austin because it may "not craft his arguments for him."[56]

Defendants argue Austin lacks standing to pursue his federal due process and state abuse of process claims.[57]  The court need only address the federal claim.[58]  Austin first argues "a violation of an individual's constitutional rights" constitutes sufficient injury to establish standing to pursue his due process claim.[59]  But Austin fails to cite any legal authority for this proposition, and he misstates the rule.[60]  The Tenth Circuit has articulated that "it is not enough to sufficiently allege constitutional error (the challenged acts); a plaintiff must also sufficiently allege injury suffered *as a consequence* of the error."[61]  The mere allegation of a due process violation is therefore insufficient.[62]

Austin also contends the disciplinary case against Steven "would have required a finding that [Austin] engaged in criminal behavior, without providing [him] the procedural due process required by law."[63]  Specifically, Austin alleges Defendants denied him due process when they

---

[55] *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006) (citation omitted).

[56] *Schaffer v. Clinton*, 240 F.3d 878, 883 (10th Cir. 2001) (citation modified) (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999), *cert. denied*, 529 U.S. 1110 (2000)).

[57] *Motion to Dismiss* at 14–16.

[58] Because the court concludes it lacks jurisdiction over Austin's federal claim, it need not reach the state law claims.  *See, e.g.*, *Springer v. Seventh Judicial Dist. Ct.*, No. 24-2174, 2025 WL 3121605, at *3 (10th Cir. Nov. 7, 2025) (citing 28 U.S.C. § 1367(c)).

[59] *Opposition* at 8–9.

[60] *See id.*

[61] *Heath v. Bd. of Cnty. Commr's of Boulder Cnty.*, 92 F. App'x 667, 672 (10th Cir. 2004) (emphasis added) (first citing *Utah v. Babbitt*, 137 F.3d at 1205–06; then citing *Bear Lodge Multiple Use Ass'n v. Babbitt*, 175 F.3d 814, 822 (10th Cir. 1999), *cert. denied*, 529 U.S. 1037; and then citing *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 485–86 (1982)).

[62] When arguing he has stated a valid claim for relief under § 1983, Austin cites *Gomez v. Toledo*, 446 U.S. 635 (1980), for the proposition that a plaintiff need only allege a person acting under color of state law deprived the plaintiff of a federal right, *Opposition* at 7–8.  But the court's analysis under Rule 12(b)(6) is distinct from whether Austin has adequately established Article III standing.  *See Day v. Bond*, 500 F.3d 1127, 1136–38 (10th Cir. 2007).

[63] *Opposition* at 9.

7

brought the initial complaint against only Steven, failed to join Austin as a party, opposed Austin's intervention, and, after initiating a separate matter against Austin, "failed to provide [Austin] with a copy of the complaint against him."[64] But, again, Austin provides no legal authority supporting the proposition that such a finding constitutes an injury for the purpose of Article III standing.[65] Accordingly, the court is unable to find that Austin has met his burden and must dismiss his denial of due process claim.[66]

## II. The Court Declines to Exercise Supplemental Jurisdiction Over Austin's Remaining State Claims.

Remaining for consideration are Austin's state law claims. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[67] Here, where the court has dismissed Austin's only federal claim, it declines to exercise supplemental jurisdiction over his state law claims and dismisses them.

## III. The Court Denies Austin's Motion for Leave to Amend His Complaint Because Amendment Is Futile.

Austin seeks leave to amend his Complaint to add a federal malicious prosecution claim.[68] When more than twenty-one days have passed after a responsive pleading has been served, "a party may amend its pleading only with . . . the court's leave."[69] "The court should

---

[64] *Complaint* at 7–8.

[65] *See Opposition*.

[66] The court notes "the requirements of procedural due process must be met before a State can exclude a person from practicing law." *Willner v. Comm. on Character & Fitness*, 373 U.S. 96, 102 (1963). But Austin does not allege the delay in his admission to the Utah State Bar constituted a denial of due process. *See Complaint*. Nor does he make this argument in his Opposition. *See Opposition*. Because the court cannot make this argument for him, it is waived. *See Schaffer*, 240 F.3d at 883.

[67] *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citing 28 U.S.C § 1367(c)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

[68] *Motion to Amend*.

[69] Fed. R. Civ. P. 15(a)(2).

freely give leave [to amend] when justice so requires."[70]  Among other reasons, the court may refuse leave to amend when amendment would be futile.[71]  Whether an amendment is futile depends on whether "the complaint, as amended, would be subject to dismissal."[72]

The court finds amendment would be futile.  Here, Austin's proposed Amended Complaint does not add any additional factual allegations.[73]  Where the court has already found Austin failed to carry his burden to demonstrate standing—and the proposed Amended Complaint contains no further allegations supporting injury in fact—amendment is futile.[74]  Accordingly, the court denies the Motion to Amend.

---

[70] *Id.*

[71] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (describing situations where the court may deny leave to amend).

[72] *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted).

[73] *See Motion to Amend*.

[74] *See Hutchinson v. Pfeil*, 211 F.3d 515, 523 (10th Cir. 2000) (explaining amendment is futile where a plaintiff proposed adding an additional claim resting on the same jurisdictional injury).  The court also notes an additional reason amendment is futile.  "A district court may deny a motion seeking leave to amend as futile if the plaintiff fails to allege an essential element of the proposed cause of action." *Brown v. United States*, 384 F. App'x 815, 819 (10th Cir. 2010) (citing *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117–18 (10th Cir. 2009)).  An essential element of a malicious prosecution claim is that "the malicious prosecution resulted in a seizure of the plaintiff." *Crothers v. Carr*, No. 23-8014, 2025 WL 1122681, at *12 (10th Cir. Apr. 16, 2025) (quoting *Thompson v. Clark*, 596 U.S. 36, 43 n.2 (2022)).  A "seizure" is "either an arrest or imprisonment." *Id.* at *13 (citation modified) (quoting *Becker v. Kroll*, 494 F.3d 904, 914–15 (10th Cir. 2007)).  Given Austin includes no such allegation in the Complaint or the proposed Amended Complaint, amendment is also futile on this ground.

## CONCLUSION

For the reasons explained above, the court GRANTS the Motion to Dismiss[75] and DENIES the Motion to Amend.[76] The Clerk of Court is directed to close the case.

SO ORDERED this 24th day of November 2025.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[75] Dkt. 18.

[76] Dkt. 23.