IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J. AUSTIN RUSSELL,<br><br>        Plaintiff,<br><br>v.<br><br>SCOTTI A. HILL, EMILY A. LEE,<br>SHARADEE FLEMING, and THE OFFICE<br>OF PROFESSIONAL CONDUCT,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:25-cv-00614-RJS-DAO<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff's Motion for Relief[1] from the court's Order granting Defendants' dismissal and denying Plaintiff leave to amend.[2] For the reasons explained below, the court DENIES the Motion.

## BACKGROUND[3]

Plaintiff J. Austin Russell has been licensed to practice law in California since 2018.[4] Austin's father Steven C. Russell has been licensed to practice law in Utah since May 1994.[5] In December 2020, Austin relocated from California to Utah and soon after began assisting with his father's cases.[6]

---

[1] Dkt. 26, *Plaintiff's Motion, and Memorandum in Support Thereof, for Relief from Order* (*Motion*).

[2] Dkt. 24, *Memorandum Decision and Order* (*Order*) (granting Dkt. 18, *Motion to Dismiss* and denying Dkt. 23, *Plaintiff's Motion, and Memorandum in Support Ther[e]of, for Leave to File Amended Complaint* (*Motion to Amend*)).

[3] For a more detailed description of the background facts, *see Order* at 1–5.

[4] Dkt. 1, *Complaint* ¶ 1.

[5] *Id.* ¶ 2. For clarity, this Order refers to Steven and Austin Russell individually by their first names. The court means no disrespect.

[6] *Id.* ¶¶ 3–4.

1

In 2022, while conducting a separate investigation from a complaint against Steven, the Utah Office of Professional Conduct (OPC) became concerned that Austin was engaging in the unauthorized practice of law with Steven's assistance.[7] Following an investigation, the OPC concluded Austin had engaged in the unauthorized practice of law and that Steven had unlawfully assisted him.[8] The OPC filed a summary of the investigation and recommendation with the Utah Supreme Court's Ethics and Discipline Committee (Ethics Committee) against Austin for the unauthorized practice of law, and a separate summary against Steven for unlawfully assisting Austin in the same.[9] Austin filed a request to intervene in Steven's case, which was denied.[10]

Simultaneous to the ethics proceedings, Austin passed the July 2023 Utah bar exam.[11] However, the approval of his application was revoked pending the OPC investigation into his conduct.[12]

On January 23, 2024, the Ethics Committee dismissed the complaint against Steven.[13] The OPC withdrew its complaint against Austin a week later.[14] On May 20, 2024, the Utah State Board of Bar Commissioners admitted Austin to the Utah Bar, six months after Austin alleges he otherwise would have been admitted absent the investigation.[15]

---

[7] *Id.* ¶ 6.

[8] *Id.* ¶¶ 5, 12.

[9] *Id.* ¶ 13.

[10] *Id.* ¶¶ 15–17.

[11] *Id.* ¶¶ 14, 22.

[12] *Id.* ¶ 22.

[13] *Id.* ¶ 31.

[14] *Id.* ¶ 33.

[15] *Id.* ¶¶ 34–36.

On July 28, 2025, Austin filed the Complaint against the OPC and its various employees alleging four causes of action: (1) denial of procedural due process under the U.S. Constitution, (2) abuse of process, (3) defamation, and (4) intentional infliction of emotional distress.[16]  On September 22, 2025, Defendants moved to dismiss the Complaint.[17]  On November 10, 2025, Austin filed a Motion to Amend the Complaint.[18]  On November 24, 2025, the court granted the Motion to Dismiss and denied the Motion to Amend.[19]  The court found that Austin failed to establish he had standing to pursue his denial of due process claim because he did not allege he suffered an injury as a consequence of the alleged constitutional error.[20]  Because the denial of procedural due process cause of action was Austin's only federal claim, the court declined to exercise supplemental jurisdiction over the remaining three claims and dismissed them accordingly.[21]  The court also denied Austin's Motion to Amend as futile because Austin failed to introduce any additional factual allegations to establish standing.[22]

On December 17, 2025, Austin filed the Motion for Relief from the Order.[23]  The Motion is fully briefed and ripe for review.[24]

---

[16] *Id.* at 7–10.

[17] *See Motion to Dismiss*.

[18] *Motion to Amend*.

[19] *Order*.

[20] *Id.* at 6–8.

[21] *Id.* at 8.

[22] *Id.* at 8–9.

[23] *Motion*.

[24] *See* Dkt. 29, *Opposition to Plaintiff's Motion, and Memorandum in Support Thereof, for Relief from Court Order* (*Opposition*); Dkt. 30, *Plaintiff's Memorandum in Reply to Defendant's Opposition to Plaintiff's Motion for Relief from Order.*

## LEGAL STANDARD[25]

Federal Rule of Civil Procedure 60 allows courts to relieve a party from a final judgment, order, or proceeding.[26] Grounds for relieving a party from an order include for "mistake."[27] Rule 60(b)(1) allows relief for mistake only when "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order."[28] "Excusable litigation mistakes are not those which were the result of a deliberate and counseled decision by the complaining party," but rather "are litigation mistakes that a party could not have protected against, such as counsel acting without authority."[29] Rule 60(b)(6) allows for relief for "any other reason that justifies" it.[30] Though relief under the rule "should be liberally construed when substantial justice will thus be served," it "is extraordinary and reserved for exceptional circumstances."[31] The Tenth Circuit has found such extraordinary circumstances to exists, "when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable."[32] Whether to provide relief under the rule is at the court's discretion.[33]

---

[25] While the court generally must construe pro se litigants' filings liberally, it need not do so where the litigant is a licensed attorney, as here. *See Comm. on the Conduct of Att'ys v. Oliver*, 510 F.3d 1219, 1223 (10th Cir. 2007).

[26] Fed. R. Civ. P. 60(b).

[27] *Id.* 60(b)(1).

[28] *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999).

[29] *Id.*

[30] Fed. R. Civ. P. 60(b)(6).

[31] *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020).

[32] *See Cashner v. Freedom Stores*, 98 F.3d 572, 579 (10th Cir. 1996).

[33] *Johnson*, 950 F.3d at 701.

## ANALYSIS

Austin claims he is entitled to relief from the Order under Rule 60(b)(1) for mistake and Rule 60(b)(6). He asserts (1) the court does have subject matter jurisdiction over his malicious prosecution and abuse of process claims under 42 U.S.C. § 1983, and (2) he has standing to pursue both claims.[34] Austin does not challenge the court's conclusion that he lacks standing for his denial of procedural due process claim.[35] For reasons discussed below, the reasons proffered are insufficient grounds for relief from the Order under Rule 60(b).

## I.    Austin Did Not Allege 42 U.S.C. § 1983 Claims in the Complaint.

The court concluded it lacks federal subject matter jurisdiction to review the abuse of process cause of action because it was clearly asserted only under state law.[36] Austin now argues the court does have jurisdiction over the claim as a violation actionable under 42 U.S.C. § 1983.[37] Notwithstanding Austin's failure to cite any authority showing abuse of process is itself a civil rights violation actionable under § 1983,[38] the Complaint plainly does not seek relief under the statute.[39] The basis for his abuse of process claim explicitly cited Utah state law, not federal law.[40] Austin filed his Complaint under only "the Fourteenth Amendment," which only pertained to his first claim of denial of procedural due process under the U.S. Constitution.[41]

---

[34] *Motion* at 1–4.

[35] *See generally Motion.*

[36] *Order* at 8.

[37] *Motion* at 3; *see generally Complaint.*

[38] *See Motion* at 3. Austin cites four Supreme Court decisions purported to show abuse of process is recognized "as actionable under Section 1983 of the U.S. Code." *Id.* However, none of the decisions involved abuse of process as the claim triggering 42 U.S.C. § 1983 liability, but rather discuss abuse of process only as an analogous tort claim. *See Wyatt v. Cole*, 504 U.S. 158, 164 (1992) (stating abuse of process is a "closely analogous tort[]" to Section 1983 liability); *see also Gonzalez v. Trevino*, 602 U.S. 653, 670 (2024) (Alito, J., concurring); *Hartman v. Moore*, 547 U.S. 250, 258 (2006); *Heck v. Humphrey*, 512 U.S. 477, 494–95 (1994).

[39] *See Complaint* at 8–9.

[40] *Id.* (citing *Rosser v. Rosser*, 2021 UT 71 , ¶ 52 , 502 P.3d 294).

[41] *See id.* at 7–10; *see also* Dkt. 1-1, *Civil Cover Sheet.*

While Austin claims relief here under Rule 60(b)(1) for mistake, any mistake was not in the court's application of the law, but rather Austin's for failing to bring his claim for abuse of process under § 1983. Such a mistake is not excusable under Rule 60(b)(1), as Austin provides no evidence that his decision to bring abuse of process only as a state law claim was anything but a "deliberate and counseled decision by the complaining party." [42]

Nor is Austin entitled to relief here under Rule 60(b)(6). In requesting relief from the Order, Austin does not claim that new "events not contemplated by the moving party [now] render enforcement of the judgment inequitable."[43] Absent any such extraordinary circumstances, the court declines to provide relief under Rule 60(b)(6). The court therefore properly dismissed the claim for lack of subject matter jurisdiction.[44]

## II.     The Alleged Facts Do Not Support an Allegation of Malicious Prosecution.

The court denied Austin's Motion to Amend the Complaint to add a federal malicious prosecution claim as futile because the proposed amendments failed to add any additional factual allegations supporting injury in fact.[45] In the Motion at hand, Austin still does not introduce any new factual allegations, nor does he identify facts overlooked by the court which demonstrate injury in fact.[46] Without additional facts showing a mistake of law by the court or otherwise exceptional circumstances making the Order inequitable, awarding extraordinary relief under Rule 60(b)(1) or 60(b)(6) is inappropriate.

---

[42] *See Yapp*, 186 F.3d at 1231; *see also Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990) ("Carelessness by a litigant or his counsel does not afford a basis for relief under Rule 60(b)(1).").

[43] *See Cashner*, 98 F.3d at 579; *see Motion*.

[44] *Order* at 8.

[45] *Id.* at 8–9.

[46] *See generally Motion*.

Additionally, even if Austin did show he suffered an injury in fact, he would still be unable to prevail on a claim of malicious prosecution. The Tenth Circuit recognizes "that, at least prior to trial, the relevant constitutional underpinning for a claim of malicious prosecution under § 1983 must be the Fourth Amendment's right to be free from unreasonable seizures."[47] Here, Austin does not allege he was detained or had his Fourth Amendment rights otherwise infringed upon. In fact, as the Defendants point out, the investigation into Austin does not constitute a criminal prosecution but rather is "civil in nature."[48] Without a violation of his Fourth Amendment rights, Austin is unable to prevail on a claim of malicious prosecution under § 1983. Accordingly, Austin's malicious prosecution claim remains futile.[49] Rule 60(b) relief from the Order denying Austin's Motion to Amend for mistake therefore remains unavailable.

## CONCLUSION

For the reasons explained above, the court DENIES the Motion for Relief from Order.[50]

SO ORDERED this 6th day of April, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[47] *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017) (citation modified).

[48] *Opposition* at 7 (quoting Utah Code of Jud. Admin. R. 1-501(c)).

[49] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . .").

[50] Dkt. 26.